UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LILA YORK OBO MINOR K.E.Y., | CASE NO. C25-1182JLR |
| Plaintiff, | ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff Lila York, on behalf of her minor child K.E.Y., seeks review and reversal of the denial of K.E.Y.'s application for Supplemental Security Income ("SSI") pursuant to the Social Security Act.  (Op. Br. (Dkt. # 8) at 1; Reply (Dkt. # 14).)  The Commissioner opposes the requested relief.  (Resp. Br. (Dkt. # 13).)  Having considered the Administrative Law Judge's ("ALJ") final decision, the administrative record (AR

ORDER - 1

(Dkt. # 6 (sealed))),[1] and the applicable law, the court AFFIRMS the ALJ's decision and DISMISSES the case.[2]

## II.   BACKGROUND

This case arises from the denial of K.E.Y.'s application for SSI.  Ms. York appeals Administrative Law Judge John M. Dowling's February 5, 2024 decision finding K.E.Y. not disabled during the period of April 6, 2021, through February 5, 2024.  (Op. Br. at 2; *see also* AR at 31.)  K.E.Y. is an individual under age 18 with an alleged disability onset date of January 31, 2008.  (AR 27.)  The Commissioner denied his claims at the initial consideration and reconsideration levels.  (AR 27.)  In July 2022, Ms. York requested a hearing by an ALJ.  (AR 27.)  Ms. York failed to appear for the scheduled hearing on September 12, 2023.  (AR 27.)  Counsel for Ms. York, Mr. Evans, appeared at the hearing and represented that Ms. York "no longer wanted to pursue a claim" and that he had "been unable to make contact with [Ms. York] to complete a hearing withdrawal request."  (AR 27.)  Ultimately, the Commissioner resolved the case in absence of medical evidence or the testimony of a vocational expert because such evidence was not needed to render a decision.  (AR 27.)  The Commissioner found that Ms. York "constructively waived [her] right to appear at the hearing" and denied K.E.Y.'s claim for benefits.  (AR 27.)  Thus, the ALJ's decision is the Commissioner's final decision.

---

[1] When citing to the administrative record, the court refers to the page numbers on the bottom right-hand corner of the page.

[2] The parties do not request oral argument (*see* Op. Br.; Resp. Br.), and the court concludes that oral argument is not necessary to decide this case.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

### III.   THE COMMISSIONER'S FINAL DECISION

Utilizing the three-step disability evaluation process,[3] the ALJ found:

**Step one:**  K.E.Y. has not engaged in substantial gainful activity since April 6, 2021.

**Step two:**  K.E.Y. has the following medically determinable impairments: cellulitis of left arm, unspecified communication disorder, and specific learning disorder (20 C.F.R. § 416.924(c)).

**Residual Functional Capacity:**  K.E.Y.'s medically determinable impairments cause no more than minimal functional limitations and, therefore, K.E.Y. does not have an impairment or combination of impairments that is severe (20 C.F.R. § 416.924(c)).[4]

Because the ALJ determined at step two of the disability evaluation that K.E.Y. is not disabled, the sequential evaluation ends at step two.

(*See* AR 28-31.)

### IV.   LEGAL STANDARD

Under 42 U.S.C. § 405(g), this court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Ford v. Saul*, 950 F.3d 1141, 1153-54 (9th Cir. 2020) (compiling cases).  As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Id*. at 1154 (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)) (internal quotation marks omitted).  "Overall, the standard of review is highly

---

[3] 20 C.F.R. §§ 416.924(b), 416.971 *et seq*.
[4] 20 C.F.R. Pt. 404, Subpt. P, App. 1.

ORDER - 3

deferential." *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) (internal quotation marks and citation omitted).

The court considers the Commissioner's "findings . . . as to any fact [to] be conclusive on judicial review if supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 790 (9th Cir. 2022) (citing 42 U.S.C. § 405(g)) (internal quotation marks omitted). "Substantial evidence" is more than a scintilla, less than a preponderance, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Tommasetti*, 533 F.3d at 1038 (internal quotation marks and citation omitted); *Ford*, 950 F.3d at 1154 (internal quotation marks and citation omitted). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Although the court must examine the record as a whole, it may neither "reweigh the evidence nor substitute [its] judgment" for that of the Commissioner. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.* (citing *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)).

The Commissioner makes a disability determination for claimants under age 18 pursuant to the guidelines set forth at 20 C.F.R. § 416.924a. *See* 20 C.F.R. § 416.924a (specifying how the Commission will consider various types of evidence).

ORDER - 4

## V.   DISCUSSION

Ms. York argues that in finding K.E.Y. nondisabled between April 6, 2021, and February 5, 2024, the ALJ (1) erred at step two of the evaluation process by finding no severe impairments and (2) improperly evaluated the medical evidence provided by Dr. Michael Brown and Dr. Patricia Kraft (together the "State Agency Consultants").  (*See* Op. Br. at 1.)  The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.  (*See generally* Resp. Br.)  For the reasons set forth below, the court affirms the Commissioner's findings.

**A.     The court affirms the Commissioner's findings.**

The court first sets forth the applicable legal standard and then addresses the parties' arguments.

1.  The Applicable Legal Standard

Section 416.924(c) sets forth that the ALJ must classify a claimant's medical impairment as "severe" to support a positive disability determination.  If a claimant (1) does not have a medically determinable impairment, or (2) the impairment is a slight abnormality or a combination of slight abnormalities that cause no more than minimal limitations, the ALJ will find that the claimant does not have a severe impairment and is not, therefore, disabled.  *See* 20 C.F.R. § 416.924(c).

Furthermore, because K.E.Y. applied for benefits after March 2017, the revised regulations for reviewing medical evidence apply.  *See* 20 C.F.R. § 416.920c; *Woods*, 32 F.4th at 789 (citing Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017)).  Under the revised regulations, "there is not an

ORDER - 5

inherent persuasiveness to evidence from [government consultants] over [a claimant's] own medical source(s), and vice versa." *Woods*, 32 F.4th at 791 (cleaned up and citing Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. at 5844) (internal quotation marks omitted).  The most important factors that the agency considers when evaluating the persuasiveness of medical opinions are "supportability" and "consistency."  *Id*. (citing 20 C.F.R. § 404.1520c(a)).  "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'"  *Id*. at 791-92 (quoting 20 C.F.R. § 404.1520c(c)(1)).  "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'"  *Id*. at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)).

An ALJ "cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."  *Id*.; *see also* 20 C.F.R. § 404.1520c(b) (setting forth that the Commissioner must "'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source," and "'explain how [it] considered the supportability and consistency factors' in reaching these findings").

2. <u>The Commissioner did not err in finding that K.E.Y. had no severe impairments.</u>

Ms. York contends that the ALJ erred at step two by finding no severe impairments because the medical records show that K.E.Y.'s disabilities are not "groundless."  (Op. Br. at 3 (citing *Bowen v. Yuckert*, 482 U.S. 147, 153-54 (1987)).)

ORDER - 6

Specifically, Ms. York argues that "the evidence on [K.E.Y.s] cognitive function and mental abilities meet the de minimis screening criteria" and, as such, the ALJ should not have ended the disability analysis after step two of the sequential evaluation. (*Id.*) The court disagrees.

The court affirms the Commissioner's finding because it is supported by substantial evidence. *See Woods*, 32 F.4th at 790 (stating that the Commissioner's "findings . . . as to any fact [are to] be conclusive on judicial review if supported by substantial evidence") (citing 42 U.S.C. § 405(g)) (internal quotation marks omitted). The ALJ determined that K.E.Y. had three medically determinable impairments— cellulitis of the left arm, an unspecified communication disorder, and a learning disorder. (AR 28.) In finding that these impairments were not severe and, thus, that K.E.Y. is not disabled, the ALJ first considered whether the medical evidence suggested "an ongoing problem[.]" (Resp. Br. at 2; AR 30 ("There were no subsequent treatment notes showing [K.E.Y.'s] rash lasted beyond August 2021. Thus, the evidence supports finding the impairment of cellulitis to the left arm was a non-severe impairment.").) According to the record, after K.E.Y. presented with an insect bite and rash on his left arm, he was given an antibiotic and an antifungal cream. (AR 362-65.) Because "[t]here are no other treatment notes suggesting an ongoing problem from the infection," the ALJ determined that this impairment is not severe. (Resp. Br. at 2.)

The ALJ next made a similar finding with respect to K.E.Y.'s mental impairments. (*See* Resp. Br. 2-4 (citing AR 28-31).) Ms. York provided educational records from March 2019, approximately two years before she applied for SSI for K.E.Y., showing

that K.E.Y. had "deficits in various areas and qualified for special education services." (Resp. Br. at 3 (citing AR 263-312).) In 2021, however, a consultive examiner concluded that "[b]ased on the objective examination findings, [K.E.Y.'s] ability to function as compared to other children his age who do not have impairments, is minimally to moderately impaired." (AR 348.) The ALJ also considered that, during a mental status examination, K.E.Y. responded appropriately when questioned, had appropriate eye contact, was "very pleasant and respectful during exam[,]" had a cooperative attitude, and was properly oriented to "time, place, and person." (AR 347.) Based on the weight of this evidence, the ALJ determined that K.E.Y. was not disabled. (AR 31.) Because the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist and because the ALJ's decision is supported by substantial evidence, the court declines to disturb the ALJ's decision to conclude the sequential evaluation at step two. *See Treichler*, 775 F.3d at 1098.

       3. <u>The ALJ did not err in considering the State Agency Consultant findings.</u>

       Ms. York next argues that the ALJ improperly rejected the opinions of State Agency Consultants Dr. Michael Brown and Dr. Patricia Kraft, which caused harm to the overall determination because the ALJ ended the sequential evaluation at step two. (Op. Br. at 7.) The Commissioner again argues that the court should affirm its findings because the ALJ's decision is "supported by substantial evidence." (Resp. Br. at 4.) Again, the court agrees with the Commissioner.

       Ms. York does not argue that the ALJ failed to cite substantial evidence in support of his decision. (*See generally* Op. Br.; Reply.) Rather, Ms. York contends that the ALJ

committed legal error because he failed to properly analyze the State Agency

Consultants' medical opinion according to the supportability and consistency factors as

required by law.  (Op. Br. at 7-8.)  Ms. York asserts that (1) regarding supportability, "the

ALJ actually found and acknowledged that the opinions that [K.Y.] has severe

impairments were well supported[;]" and (2) regarding consistency, the ALJ's opinion is

"silent."  (*Id*. at 7-8.)  In response, the Commissioner argues that, consistent with the

revised guidelines, (1) the ALJ did not find the State Agency Consultants' assessment

persuasive because their opinions conflicted with other evidence in the record and

(2) although the ALJ does not use the terms "consistent" and "supported" with

"precision[,]" "it is apparent from the context that the ALJ discussed the consistency

factor."  (Resp. at 5.)

>           *a.  Dr. Brown*

In January 2022, prior to the initial disability determination, Dr. Brown assessed

K.E.Y. and opined that he had a severe learning disorder and a severe speech and

language impairment.  (AR 39.)  Dr. Brown cites Ms. York's self-reports about K.E.Y.'s

patterns and limitations and 2019 Special Education documentation finding that K.E.Y.

was "slightly quiet" but able to respond to questions; unable to do serial 7s or "WORLD"

task; and "has problems with speech being understood by novel and familiar listeners."

(AR 38-39.)  The ALJ determined that Dr. Brown's assessment of K.E.Y. was not

persuasive.  (AR 31.)

*b. Dr. Kraft*

In May 2022, during the reconsideration determination, Dr. Kraft assessed K.E.Y. and opined that he had a severe learning disorder and a severe speech and language impairment.  (AR 46.)  Dr. Kraft also cites Ms. York's self-reports about K.E.Y.'s patterns and limitations and 2019 Special Education documentation finding that K.E.Y.was "slightly quiet but able to respond to questions and was cooperative[;]" unable to do serial 7s or "WORLD" task; and "has problems with speech being understood by novel and familiar listeners."  (AR 47-48 (using language that is nearly identical to Dr. Brown's assessment).)  The ALJ similarly determined that Dr. Kraft's assessment of K.E.Y.was not persuasive.  (AR 31.)

The court concludes that the ALJ adequately considered the supportability and consistency factors in rejecting the findings of the State Agency Consultants.  Regarding supportability, the ALJ states that "[a]lthough the [State Agency Consultants] support their findings by discussing the allegations from [Ms. York], the consultative examination, and the 2019 educational records, that evidence does not support finding [K.E.Y.] has severe impairments because it does not show [K.E.Y.'s] conditions lasted at a severe level for a continuous twelve-month period[,]" and consequently K.E.Y."does not have an impairment or combination of impairments that significantly limits his ability to perform age-appropriate activities."  (AR 31.)  The ALJ concluded that his "finding is supported by the very minimal evidence in the file."  (AR 31.)

Regarding the consistency of the opinion, Ms. York represents that "the ALJ is silent."  (*See* Op. Br. at 7-8; *see generally* AR 31.)  The court rejects this framing of the

ORDER - 10

ALJ's opinion.  When, as is the case here, an ALJ's meaning is clear from context, an ALJ need not use the terms "consistency" and "supportability" with precision.  *See Woods*, 32 F.4th at 793 n.4.  Here, the ALJ summarizes his consistency analysis by stating "[t]hat, [despite the State Agency Consultants' findings,] the minimal evidence showed that [K.E.Y.] had average to above average scores in cognitive ability, fluid reasoning, verbal comprehension, and working memory in 2019 . . . [and] had normal findings in thought abstraction, through content, persistence, pace, and behavior."  (AR 31.)  Thus, the court concludes that the ALJ adequately considered the supportability and consistency factors in rendering K.E.Y.'s disability determination and did not err in considering the State Agency Consultants' findings.

## VI.    CONCLUSION

For these reasons, the court AFFIRMS the Commissioner's final decision and DISMISSES this case with prejudice.

Dated this 2nd day of February, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 11